IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ARMSTRONG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09CV139-WKW |
| ) | |
| JOHN CUMMINS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, brings this action against John Cummins, Warden of Kilby Correctional Facility, and Sergeant Franetta Riley, an employee at Kilby. (Complaint, Doc. # 1, ¶ 2). Plaintiff's claims arise from an employment dispute between plaintiff and his supervisors.[1] Plaintiff alleges that he suffers from uncontrolled hypertension which is aggravated by job stress. He complains that defendants violated his right to due process by placing him on leave without pay for three days for which he should have been granted sick leave. He further alleges that defendants conspired to violate his rights, that they subjected him to an unfair hearing which was not held in a timely manner, and that his rights were otherwise violated at the hearing on Warden Cummins' recommendation that plaintiff receive five days of leave without pay. This action is presently before the court on the motion to

---

[1] Plaintiff filed his original complaint on a "fill-in-the-blank" form which alleges a Title VII violation. Plaintiff attached a "brief" to the complaint which alleges constitutional violations pursuant to 42 U.S.C. § 1983 and subsequently filed an amendment to the brief. The court has treated plaintiff's brief and amended brief as part of his complaint.

dismiss or, in the alternative, for judgment on the pleadings filed by defendants on June 22, 2009 (Doc. # 19).

### Federal Rule Civil Procedure 12(c) - Judgment on the Pleadings

Defendants filed the present motion two months after their answer. The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When reviewing a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir. 1996). A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). A Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." Doe v. Myspace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). Judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega, 85 F.3d at 1524-25; *accord* Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002).

### Official Capacity § 1983/§ 1985 Claims

Plaintiff's claims for damages against the official capacity state defendants are barred by the Eleventh Amendment. Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by citizens of the state. Hans v. Louisiana, 134 U.S. 1 (1890). The State of Alabama has not waived its Eleventh Amendment immunity, nor has

Congress abrogated that immunity in § 1983 or § 1985 cases.  Cross v. State of Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995);  Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990);  Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); Fincher v. State of Florida Dept. of Labor and Employment Security-Unemployment Appeals Commission, 798 F.2d 1371, 1372 (11th Cir. 1986)("We find no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions.").  Accordingly, plaintiff's § 1983 and § 1985 claims against defendants in their official capacities are due to be dismissed pursuant to the State's Eleventh Amendment immunity. [2]

Additionally, plaintiff makes no allegation that Cummins or Riley acted pursuant to an official policy or custom.  Accordingly, plaintiff fails to state a § 1983 claim against them in their official capacities.[3]  See Hafer v. Melo, 502 U.S. 21, 25 (1991)("Suits against state

---

[2] In the *ad damnum* portion of his "Brief in Support of Claims Under Complaint Pursuant, 42 U.S.C. 1983" plaintiff seeks a "money award of $2,700,000.00[.]" (Doc. # 2, p. 4). In his "amended brief" in support of his § 1983 claims, plaintiff "seeks a monetary award of 750,000.00[.]" (Doc. # 23). Plaintiff does not assert a claim for injunctive relief in either "brief" pertaining to his § 1983 claims. In the Title VII portion of his claim, plaintiff has checked the box indicating that he seeks "[r]einstatement to my former job, and any other relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees." (Doc. # 1, ¶ 12(B)). After this pre-printed language on the form, plaintiff has written "monetary award for mental stress and anguish in conjunction with job stress caused a mental health issue. Also uncontrolled high blood pressure." (Id.). Plaintiff does not allege that he has been removed or transferred from his job. The court concludes that plaintiff does not bring a claim for injunctive relief pursuant to 42 U.S.C. § 1983.

[3] "Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)[.]"

officials in their official capacity . . . should be treated as suits against the State. . . . Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation of federal law.'")(citations omitted).

### Individual Capacity § 1985 Claims

Plaintiff alleges that Cummins and Riley "conspired to violate [his] due process rights and to deprive [him] of the ability to earn money to meet financial obligations." He further alleges that they "conspired . . . to impose unauthorized punishment upon [him] for being sick." (Doc. # 2, p. 1). "To state a claim for relief under § 1985(3), a plaintiff must establish that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Smith v. Belle, 2009 WL 724028 (11th Cir. Mar. 20, 2009)(unpublished opinion)(quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Plaintiff makes no allegation that Cummins and Riley were motivated by racial or otherwise class-based discriminatory intent and, accordingly, his complaint fails to state a § 1985(3) claim. Smith, 2009 WL 724028 at 6.

### Individual Capacity § 1983 Claims

Construing plaintiff's allegations liberally, it appears that he is attempting to assert claims for violation of his constitutional rights to procedural due process and, possibly, substantive due process. Plaintiff asserts that the defendants violated his rights by: (1) charging him three days' leave without pay without investigating his physician's excuse; (2) subjecting him to an "unfair" hearing on Cummins' recommendation that plaintiff be

4

charged an additional five days of leave without pay for violating a Department of Corrections regulation; (3) failing to advise plaintiff that he should be accompanied by a peer at the hearing; (4) imposing leave without pay when plaintiff had not, in fact, violated the Department of Corrections regulation; (5) asserting supervisory authority over the plaintiff – while defendant Riley was off duty and in Wal-mart – by telling plaintiff that he would have to see the warden before he could return to work; and (6) assigning plaintiff work duties inconsistent with a light duty restriction from his physician.

Plaintiff does not allege the violation of any "fundamental" right and, accordingly, he fails to state a claim for violation of his right to substantive due process.

> Substantive due process "protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir.1994) ( *en banc* ) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)). "The Supreme Court has deemed that most – but not all – of the rights enumerated in the Bill of Rights are fundamental; certain unenumerated rights (for instance, the penumbral right of privacy), also merit protection." Id. (citation omitted). The fundamental rights protected under the due process clause are rooted in the United States Constitution, and thus substantive due process cannot be used to vindicate rights that are creatures of state law. Greenbriar Vill., L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir.2003). [The Eleventh Circuit] has held that employment rights are state-created and thus not "fundamental," so they do not enjoy substantive due process protection. McKinney, 20 F.3d at 1560.

Sprauer v. Town Of Jupiter, 2009 WL 1464862, 2 (11th Cir. May 27, 2009)(unpublished opinion). The rights plaintiff seeks to vindicate in this action are employment rights only; thus, his substantive due process claim is due to be dismissed. Additionally, even though plaintiff claims procedural deficiencies and bias in the hearings, he has not alleged that the

5

state of Alabama has refused to provide an adequate post-deprivation remedy. In the absence of such an allegation, he fails to state a claim for violation of his right to procedural due process. McKinney, 20 F.3d at 1563. Accordingly, plaintiff's § 1983 claims against the defendants in their individual capacities are due to be dismissed.

### Individual Liability under Title VII

Title VII does not provide a cause of action against individuals. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, to the extent plaintiff brings Title VII claims against Cummins and Riley in their individual capacities, those claims are due to be dismissed with prejudice.

### Official Capacity Title VII Claims

Plaintiff asserts that he was discriminated against because he is "not inside of [defendants'] circle" and that he was singled out for loss of pay "because of sickness" and "medical problems." (Complaint, Doc. # 1, ¶ 6). He does not allege that defendants discriminated against him on the basis of any of the characteristics protected from employment discrimination by Title VII, *i.e.*, his race, color, religion, sex or national origin. Plaintiff alleges that he has been subjected to "fear of retaliation concerning protest," but does not allege that defendants have actually retaliated against him or that he has engaged in any opposition or participation protected by the anti-retaliation provision of Title VII. See 42 U.S.C. §§ 2000e-2, 2000e-3. Thus, plaintiff fails to state a claim for relief under Title

6

VII, and this claim is due to be dismissed.[4]

## Official Capacity ADA Claims

Plaintiff alleges that defendants discriminated against him because of his "sickness" and "medical problems," but does not reference the Americans with Disabilities Act. However, the court has an obligation to construe *pro se* pleadings liberally (Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) and, accordingly, it has considered whether plaintiff's factual allegations support an ADA claim.[5] The "sickness" is alleged by plaintiff to have occurred over a period of three days – June 14th, 15th, and 16th of 2008 – and to have been related to his ongoing treatment for high blood pressure. (Doc. # 2, pp. 1-2 ("Sgt. Riley knew or should have known, I was ill and under care of a doctor for my [ongoing] blood [pressure] treatment."); see also id., pp. 3, 5). Plaintiff does not allege that he is disabled within the meaning of the ADA, nor does he plead facts sufficient to suggest a disability. Accordingly, he fails to state a claim for discrimination on the basis of an adverse employment action or failure to accommodate under the ADA. See Cordero v. Florida Dept.

---

[4] It appears likely that plaintiff has failed to satisfy the administrative prerequisites for filing a Title VII or ADA action. See Plaintiff's Motion to Amend Brief (Doc. # 21, p. 2)(indicating that plaintiff contacted the EEOC by telephone) and EEOC letter dated February 12, 2009 (advising plaintiff of his right to file a charge). However, plaintiff alleges in his complaint that he filed a charge with the EEOC on January 19, 2009 and received a right to sue letter on January 22, 2009. (Complaint, Doc. # 1, ¶ 11). The court agrees with defendants that this is improbable. However, the court does not reach this issue on the present Rule 12(c) motion.

[5] See Novoneuron Inc. v. Addition Research Institute, Inc., 2009 WL 1132344 (11th Cir. Apr. 28, 2009)(unpublished opinion)("We acknowledge that '[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory.'")(citation omitted).

7

of Environmental Protection, 300 Fed. Appx. 679, 680 (11th Cir. 2008)("To establish a *prima facie* case of employment discrimination under the Act, a plaintiff must prove that he is a qualified individual with a disability who suffered discrimination based on his disability.").

### Individual Liability under Americans with Disabilities Act

To the extent that plaintiff's complaint could be construed to assert ADA claims against the defendants in their individual capacities, these defendants are due to be dismissed with prejudice. See Albra v. Advan, Inc., 490 F.3d 826, 830-34 (11th Cir. 2007)(no individual liability for retaliation under ADA in employment discrimination context); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996)(no individual liability under ADA anti-discrimination provision).

### CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motion for judgment on the pleadings be GRANTED, and that:

(1) plaintiff's official capacity claims for damages pursuant to 42 U.S.C. § 1983 and § 1985 and his individual capacity Title VII and ADA claims be DISMISSED with prejudice;

(2) plaintiff's remaining claims be DISMISSED without prejudice, and that plaintiff be allowed a period of time to amend his complaint – to the extent he is able to do so

consistent with Fed. R. Civ. P. 11(b)[6] – to overcome the deficiencies in his pleading.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before **August 3, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[6] The Rule provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A litigant who violates Rule 11(b) is subject to sanctions, whether or not the litigant is represented by counsel. Plaintiff is advised that an EEOC charge must be in writing and verified. See Butler v. Greif, Inc., 2009 WL 928916 (11th Cir. Apr. 2009). Accordingly, if plaintiff has failed to file a written, verified charge with the EEOC alleging discrimination, he may not allege in his complaint that he has done so without violating Rule 11(b).


Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 20th day of July, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE